The Full Commission has reviewed the Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Taylor, upon the briefs and argument of counsel, and upon Orders appearing in the Commission's file in this matter. The Defendant has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award with respect to all issues except attorneys' fees. Both Plaintiff and Defendant have shown good ground to reconsider the matter with respect to attorneys' fees. Accordingly, the Full Commission adopts and affirms the Opinion and Award by former Deputy Commissioner Taylor with respect to all issues except attorneys' fees, holds in abeyance all prior Orders in this case concerning attorneys' fees, Orders that Kathleen Shannon Glancy, plaintiff's present attorney, and R. C. Soles, plaintiff's former attorney be added as interested parties in this case, and enters the following Opinion, Award and Order.
********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, in a Pre-Trial Agreement dated 13 October 1995, and in Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on 12 June 1987, as:
STIPULATIONS
1. On 6 March 1987, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 6 March 1987, an employment relationship existed between plaintiff and defendant-employer.
3. On 6 March 1987, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
4. Defendant is self-insured.
********
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Dr. William S. Ogden and Dr. William Koff, are OVERRULED.
********
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. As a result of his compensable injury on 6 March 1987, plaintiff sustained depression, drug dependency, gastrointestinal problems, and attendant multiple surgeries, resulting pain, need for medications, loss of function, and loss of income.
2. As a result of plaintiff's compensable injury on 6 March 1987, plaintiff has received psychotherapy from Dr. Antonio Puente, since August of 1993. Dr. Puente's psychotherapy has provided plaintiff relief for his depression and his pain.
3. As a result of his compensable injury on 6 March 1987, plaintiff has received ongoing medical care from Dr. F. Ray Thigpen, since March of 1991. Dr. Thigpen's medical care has provided plaintiff relief for his depression, drug dependency, gastrointestinal problems and his pain.
4. As a result of his compensable injury on 6 March 1987, plaintiff is in need of ongoing psychotherapy and medical treatment.
5. Ongoing psychotherapy such as has been provided by Dr. Puente will provide relief for plaintiff's depression and his pain.
6. Ongoing medical care such as has been provided by Dr. Thigpen will provide relief for plaintiff's depression, drug dependency, gastrointestinal problems and pain.
7. The hearing of this matter was defended without reasonable ground.
********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's depression, drug dependency and gastrointestinal problems are the direct and proximate result of his compensable injury of 6 March 1987, and, as such, are compensable. G.S. § 97-25.
2. As a result of his injuries, which resulted from his compensable injury on 6 March 1987, plaintiff is entitled to have the expenses which he incurred as a result of his compensable injury paid by defendant for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and for such additional time as will tend to lessen plaintiff's period of disability. G.S. § 97-25.
3. Plaintiff is entitled to an assessment of a reasonable attorney fee, pursuant to the provisions of G.S. § 97-88.1.
********
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of former Deputy Commissioner Taylor and enters the following:
AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury of 6 March 1987, including those expenses incurred as a result of his treatment by Dr. Puente and Dr. Thigpen. In addition, as a result of his compensable injury on 6 March 1987, plaintiff is entitled to future medical care for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, and will tend to lessen plaintiff's period of disability.
2. Defendant shall pay the costs, including an expert witness fee of $165.00 to Dr. William Koff, an expert witness fee of $165.00 to Dr. Antonio Puente, an expert witness fee of $165.00 to Dr. F. Ray Thigpen and an expert witness fee of $215.00 to Dr. William S. Ogden.
*******
ORDER
1. Kathleen Shannon Glancy, plaintiff's attorney, and R.C. Soles, plaintiff's former attorney, shall be added as interested parties to this case with respect to attorneys' fees.
2. All parties to this case, including Kathleen Shannon Glancy, R.C. Soles, and the plaintiff and defendant, shall participate forthwith as parties in a mediated settlement proceeding in accordance with Commission Mediation Rules. Issues to be decided in mediation are (1) what amount, if any, shall be assessed against Defendant as attorney fees to be paid to which plaintiff attorney for Defendant's unreasonable defense of this claim; (2) what reasonable attorney fees shall be paid to Kathleen Shannon Glancy and R.C. Soles with respect to their participation in this case and who shall be required to pay same.
3. The Full Commission retains jurisdiction of this matter with respect to attorneys' fees pending the results of Mediation. All other matters are appealable as a final order of the Commission.
This 28th of May, 1997.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER